UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DOMETIC CORPORATION GAS ABSORPTION
REFRIGERATOR PRODUCTS LIABILITY
LITIGATION                                                                                    MDL No. 2811


ORDER DENYING TRANSFER


**Before the Panel**:[*] Plaintiffs in one action (*Papasan*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This litigation currently consists of three actions pending in three districts, as listed on Schedule A.[1] The actions arise out of alleged defects in gas absorption refrigerators manufactured and sold by Dometic Corporation since 1997 for use in recreational vehicles and boats. The Panel has been notified of eight potentially related actions, including two declaratory judgment actions by insurance companies concerning their duties to defend or indemnify Dometic in one or more of the actions on the motion.

Plaintiffs in the Central District of California *Zimmer* action on the motion support centralization in the Northern District of California. Plaintiffs in the Southern District of Florida *Zucconi* action initially supported centralization, but stated at oral argument that they now oppose centralization. Defendant Dometic opposes centralization and, alternatively, proposes the Southern District of Florida. State Farm Mutual Automobile Insurance Company and Liberty Mutual Insurance Company, plaintiffs in two allegedly related actions, contend that their actions involve contractual disputes that are distinct from the product defect issues in the proposed MDL and oppose inclusion of their actions.

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The three actions on the motion clearly present common factual questions arising from allegations that Dometic gas absorption refrigerators manufactured since 1997 have design defects in the cooling unit that make them susceptible to premature corrosion, cracking, and failure, and consequently, the release of flammable gases and noxious chemicals near the unit's heat source. Additionally, the actions are brought on behalf of overlapping nationwide and statewide classes of purchasers based on the same economic loss theory – that the refrigerators have

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] The two actions in the Southern District of Florida were consolidated under Fed. R. Civ. P. 42 in September 2017. The first of those two actions (*Varner*) was dismissed on July 27, 2017, and has no claims pending. Only the *Zucconi* action is pending in the consolidated docket.

diminished in value as a result of the alleged defects and consumers overpaid for them. Despite the overlap in factual and legal issues among these cases, we are not persuaded that Section 1407 centralization is necessary. Where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have failed to do so here.

There are only three actions on the motion, and all name a single common defendant. Plaintiff's counsel in two actions overlap, and the record reflects that all counsel are well-positioned to coordinate pretrial proceedings informally. Plaintiffs in two actions already have commenced such efforts, including at least one preliminary agreement to use common discovery produced in a closed action.

The allegedly related actions are unlikely to pose an obstacle to informal coordination. Movants concede that one personal injury action (*McDonald*) involves a different type of refrigerator and that it should not have been identified as a related action. In another tort action (*Merfeld*), discovery has closed, indicating there are few pretrial proceedings left to coordinate. The two declaratory judgment actions (*Liberty Mutual* and *State Farm*) are principally contractual in nature, and appear likely to involve little, if any, common discovery with the product defect and economic loss issues alleged in the actions on the motion. This leaves just four individual actions,[2] one of which involves movants' counsel. Thus, cooperation among the few involved courts and counsel appears to be a workable alternative to centralization in this litigation. We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

We also note that defendant has pending motions for transfer of the California actions (*Papasan* and *Zimmer*) to the Southern District of Florida under Section 1404, which, if granted, would enable the actions on the motion to be litigated in a single district for all purposes, including trial. As we repeatedly have held, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *See, e.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012)). Even where the Section 1404 transfer motions are contested, such a prospect nonetheless exists, particularly where few districts are involved. *See In re: Athena Universal Life II Cost of Ins. Increase Litig.*, 2017 WL 3308286, at *2 (J.P.M.L. Aug. 1, 2017).

---

[2] The four actions are pending in three districts: the Central District of California (*Cherry* and *Safeco Insurance Company of Illinois*); the Southern District of Alabama (*Alfa Insurance Corporation*); and the Eastern District of Texas (*Allstate Fire and Casualty Insurance Company*).

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

                          PANEL ON MULTIDISTRICT LITIGATION

                          _____
                                    Sarah S. Vance
                                         Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: DOMETIC CORPORATION GAS ABSORPTION
REFRIGERATOR PRODUCTS LIABILITY
LITIGATION**                                    MDL No. 2811

### SCHEDULE A

<u>Central District of California</u>

ZIMMER, ET AL. v. DOMETIC CORPORATION, C.A. No. 2:17-06913

<u>Northern District of California</u>

PAPASAN, ET AL. v. DOMETIC CORPORATION, C.A. No. 4:16-02117

<u>Southern District of Florida</u>

VARNER, ET AL. v. DOMETIC CORPORATION, C.A. No. 1:16-22482[*]
ZUCCONI, ET AL. v. DOMETIC CORPORATION, C.A. No. 1:17-23197[*]

---

[*] *Varner* and *Zucconi* are consolidated under No. 1:16-22482.